# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

September 16, 2021

*With the government's consent, the term of probation is terminated. There is no term of supervised release. The summons and the September 23 conference VACATED are VACATED. SO ORDERED*

*[signature]*
*USDJ*
*9-22-21*

Via ECF and Email
The Honorable P. Kevin Castel
United States District Judge
United States District Court
500 Pearl Street
New York, New York 10007

Re:   **United States v. Jonathan Pettiford**
      **17 Cr 301 (PKC)**

Dear Judge Castel:

        I write in advance of the conference scheduled for September 23, 2021 to request that that Court terminate Mr. Pettiford's probation because he was erroneously sentenced to additional probation, rather than supervision and he has already exceeded the maximum legally allowable term of supervision.

        Mr. Pettiford pled guilty to a class B misdemeanor on September 22, 2017. He was then sentenced to 5 years of probation on January 30, 2018. Mr. Pettiford was found in violation of his probation after a hearing on April 23, 2019. At that time, the Court sentenced him to three months in custody, in addition to 50 days already served, and 1377 days of probation (the remainder of his original term of probation). This sentence was in error.

        Per 18 U.S.C. § 3565, when a defendant violates the terms of his probation the court may either continue the probation, with or without modification, or may revoke the probation and resentence pursuant to sentencing subchapter A. Subchapter A, in 18 U.S.C. § 3551, defines potential sentences as either probation, a fine or a term of imprisonment as authorized by Subsection D. When the Court sentenced Mr. Pettiford to three months in prison for violating probation, per Subsection D, 18 U.S.C. § 3583, a term of supervised released could have been imposed afterwards, but a subsequent term of probation could not.

        Because Mr. Pettiford was convicted of a class B misdemeanor, his post-incarceration period of supervised release should have been for no more than one year pursuant to 18 U.S.C. § 3583(b)(3).

The Honorable P. Kevin Castel                                   January 16, 2018
United States District Judge                                                Page 2

Mr. Pettiford was released from custody on the three-month sentence on July 19, 2019.  Upon release, he should have begun a no more than one-year period of supervision, rather than 1377 days of probation.  His maximum expiration date on supervision should have been July 19, 2020.

A second violation was brought against Mr. Pettiford on January 9, 2020.  This violation was amended on July 27, 2020, which was beyond the maximum expiration date of the supervision he should have been serving.  Upon a second finding of violation, the Court sentenced Mr. Pettiford to six months incarceration followed by four years of probation.  This sentence was in error.

Assuming that the amended violation was properly brought, upon finding a violation, the Court had the authority to sentence Mr. Pettiford to a maximum period of incarceration equal to the statutory maximum for the charge – 6 months.  Further, the Court had the authority to sentence him to no more than 6 months of supervised release following that six months sentence, pursuant to 18 U.S.C. § 3583(e)(3).  The Court did not have the authority to sentence him to probation.

Mr. Pettiford was released from custody and began probation on February 1, 2021.  The sentence of probation was erroneous, but he had been sentenced to supervised release, that supervision would have terminated on August 1, 2021.  No violation was filed prior to that date and as of August 1, 2021, Mr. Pettiford's supervision should have been terminated by operation of law.

For the foregoing reasons, I ask the Court to terminate Mr. Pettiford's probation and close his case.  In the event that the Court declines to terminate Mr. Pettiford's probation, I request an opportunity to brief the Court on a potential violation of Mr. Pettiford's rights under the Fifth and Sixth Amendments to the Constitution pursuant to *United States v. Haymond*, 588 U.S. __, 139 S. Ct 2369 (2019).

Respectfully submitted,


Jennifer Willis
Assistant Federal Defender


CC:   Jonathan Pettiford
      AUSA Sebastian Swett